Filed 8/5/25  Miller v. Dept. of Corrections and Rehabilitation CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| EDNA MILLER,<br><br>       Plaintiff and Appellant,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>       Defendant and Respondent. | C099490<br><br>(Super. Ct. No. 34-2012-00132503-CU-RI-GDS) |

Plaintiff Edna Miller, proceeding in propria persona, appeals from a judgment dismissing her case with prejudice for failing to bring it to trial within the time period established by Code of Civil Procedure section 583.340,[1] and from a subsequent order denying her motion for new trial.  She argues (1) she has a medical condition that made it impossible or impracticable to bring her case to trial within the statutory time period;

---

[1]  Further undesignated statutory references are to the Code of Civil Procedure.

1

(2) the trial court erred in failing to consider a supplemental declaration that provided additional details about her medical condition; (3) the statutory time period was tolled until defendant Department of Corrections and Rehabilitation (CDCR) answered the complaint; and (4) the dismissal should have been without prejudice. We disagree with the first three arguments, and find Miller forfeited the fourth argument by failing to raise it below. We thus affirm.

BACKGROUND

The underlying lawsuit began in October 2011, when Miller filed a "Rico Complaint" against various defendants, including CDCR. In March 2012, she filed a first amended complaint against CDCR only, alleging wrongful termination, a violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.), and several Labor Code violations. The complaint and first amended complaint were filed in Los Angeles County. In late 2012, the case was transferred to Sacramento County on CDCR's motion for change of venue.

In 2013, Miller filed a second amended complaint that contained just one cause of action alleging a violation of FEHA. Trial was scheduled for September 2015, but before trial could be held, CDCR moved for judgment on the pleadings. In June 2015, the trial court granted the motion without leave to amend because Miller failed to allege she exhausted her administrative remedies by filing a timely complaint with the Department of Fair Employment and Housing (DFEH). Miller appealed, and this court reversed in an unpublished decision. (*Miller v. Department of Corrections and Rehabilitation* (Aug. 6, 2018, C079853).) On appeal, Miller had submitted evidence showing she filed a timely complaint with DFEH, and we found she was "entitled to reversal with a remand for an opportunity to amend her complaint to . . . plead the . . . DFEH complaint." The remittitur was issued on October 9, 2018, and was filed by the clerk of the superior court on October 15, 2018.

2

After the remittitur was issued, Miller filed a third amended complaint in November 2018, and a fourth amended complaint in June 2019. CDCR filed a demurrer to the fourth amended complaint, which was overruled by the trial court in August 2019, and CDCR filed an answer in September 2019.

The record contains little information about what happened in this case between August 2019 and April 2023, when CDCR filed a motion to dismiss pursuant to section 583.320, subdivision (a)(3). That subdivision provides, "If on appeal . . . a judgment is reversed and the action remanded for a new trial," the action shall be brought to trial "within three years after the remittitur is filed by the clerk of the trial court." As noted, the remittitur was filed on October 15, 2018, and the three-year period thus expired on October 15, 2021. CDCR acknowledged this deadline was extended due to the COVID-19 Emergency Rules' six-month extension of the time to bring an action to trial and the fact the superior court was closed for civil trials for 293 days from March 17, 2020, through January 4, 2021. By CDCR's calculations, Miller had to bring her action to trial by August 2, 2022, and it was already more than eight months past that deadline.

Miller opposed the motion, arguing (1) it was impossible to bring this case to trial while the trial court was closed, (2) the three-year statute was tolled until CDCR answered the complaint, and (3) she had a medical condition that made it impossible or impracticable to bring this case to trial within the statutory time period. In support of her opposition, Miller submitted a declaration stating she suffered from "sarcoidosis, an inflammatory disease marked by an over-active immune system." She stated the disease flares up "episodically," and when it does she is "incapacitated for several weeks at a time, most frequently during the winter months. . . . [¶] . . . [¶] . . . [D]uring the winter months of 2021 and 2022, [she] suffered from repeated and substantial flare-ups of the disease, which left [her] bed-ridden for extended periods, including several weeks at a time." She also stated, "This past winter has been especially difficult," and she "was rendered bed-ridden for most of December, January, February and March." Finally, she

3

stated she had "not had time to document each day over the [last] three years that [her] health has made it 'impossible, impracticable, or futile' for [her] to prosecute this case and bring it to trial. However, [she] would conservatively estimate that since January 2021, [she] ha[s] been incapacitated and unable to prosecute this case and participate in a trial for at least 100 days." Although the opposition papers were filed one day late, the court nonetheless considered them.

CDCR filed a timely reply, arguing Miller failed to demonstrate her medical condition made it impossible to bring this case to trial within the statutory deadline because even assuming she was incapacitated for 100 days since January 2021, that still did not explain why she was unable to bring the case to trial by August 2, 2022.

Several days after CDCR filed its reply, and just two court days before the hearing, Miller filed a "supplemental" declaration that provided additional information and documentation about her medical condition. The supplemental declaration was redacted because it contained "private, sensitive health information," and Miller lodged an unredacted version with the court the same day she filed the redacted version (we discuss Miller's numerous attempts to file her supplemental declaration under seal in more detail below). In the supplemental declaration Miller stated, "While [she] previously estimated that it was at least 100 days that [she] was incapable [of] participating in a trial, as a result of compiling [medical] records, [she] now believe[d] [she] had been far too conservative and [she] now estimate[s] that between October 2021 and the present, it has been at least 270 days." It appears we have only been provided with the redacted version of this declaration, and not with the unredacted version that was ultimately filed under seal in the trial court.

The trial court granted CDCR's motion to dismiss. It found Miller had until August 2, 2022, to bring her action to trial—(1) three years following the filing of the remittitur, as provided by section 583.320, plus (2) the six-month extension provided by Emergency Rule 10, plus (3) an additional 109 days to account for the fact the court was

4

closed for trials during part of the relevant time period. It also found the deadline to bring the action to trial was not tolled until CDCR answered the fourth amended complaint. Finally, it found Miller failed to demonstrate her medical condition made it impossible to bring the action to trial by August 2, 2022. In particular, it found that even if Miller had a medical condition that left her bed-ridden for several weeks at a time, "this fails to adequately demonstrate she could not *with reasonable diligence* have brought this action to trial at any time in the 18-month period following the Covid-19 court closure but prior to the expiration of the three-year period on 8/2/2022. Notably, while plaintiff's initial declaration in opposition to this motion avers that she was bed-ridden for most of December 2022 through March 2023, this would have no real bearing on why she could not have brought this matter to trial prior to 8/2/2022." The trial court also stated it did not consider Miller's supplemental declaration because "its filing was not authorized under the Code of Civil Procedure or order of this Court"; it was untimely pursuant to section 1005; Miller did not timely seek or receive leave of court to file it; and she did not comply with rule 2.551 of the California Rules of Court, which governs procedures for filing records under seal.

Judgment of dismissal was entered on June 22, 2023, and notice of entry of judgment was filed on June 27, 2023. On July 7, 2023, Miller filed a timely motion for a new trial. Her primary argument was that the trial court should have considered her supplemental declaration, and she claimed that declaration demonstrated her medical condition made it impossible to bring this case to trial by the statutory deadline. She also renewed her argument that the three-year statute was tolled until September 5, 2019, when CDCR answered the complaint following the remittitur.

The trial court denied the motion. It explained it did not consider Miller's supplemental declaration for a number of different reasons, any one of which would justify its decision not to consider it. It noted (again) that the declaration was filed (1) late, (2) after CDCR filed its reply, and (3) without leave of court. It also noted

5

Miller's delay in filing the supplemental declaration "effectively deprived CDCR of any reasonable or meaningful opportunity to address it in its reply papers."

The trial court also stated that, even if it had considered the supplemental declaration, it was of "limited evidentiary value" and fell short of establishing Miller's medical condition made it impossible or impracticable for her to bring this case to trial by August 2, 2022. For example, the court found it "problematic" that Miller estimated in her supplemental declaration that she was incapacitated for 270 days due to her medical condition, which was "nearly *three-times greater* than her original 100-day estimate," yet she provided no specific factual details to support her revised estimate. The court also found it "problematic" that the revised estimate failed to differentiate between periods of incapacity that occurred before the statutory deadline (i.e., August 2, 2022) and periods that occurred after. The trial court found this failure was telling because the original declaration's "100 days of incapacity" estimate occurred "well after" the deadline to bring this action to trial. Finally, the trial court (once again) found the statute was not tolled until CDCR answered the complaint.

The order denying the motion was entered September 5, 2023, and Miller filed a timely notice of appeal.

DISCUSSION

I

*The Relevant Law and the Standard of Review*

As noted, section 583.320 provides, "If on appeal . . . a judgment is reversed and the action is remanded for a new trial," the action "*shall*" be brought to trial "within three years after the remittitur is filed by the clerk of the trial court." (§ 583.320, subd. (a)(3), italics added.) This requirement is "*mandatory*" and is "not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b), italics added.) "Thus, unless some specified exception applies, a trial court has a mandatory duty to dismiss an action and a defendant has an absolute right to obtain an order of

6

dismissal, once [three] years has elapsed from the date the [remittitur was filed by the clerk of the trial court]." (*M & R Properties v. Thomson* (1992) 11 Cal.App.4th 899, 903; see also *McDonough Power Equipment Co. v. Superior Court* (1972) 8 Cal.3d 527, 530 ["dismissal of the action [is] mandatory unless it is brought to trial within three years of the filing of the remittitur"].)  As relevant here, section 583.340 provides that, in computing the time within which an action must be brought to trial, courts are to exclude the time during which "[b]ringing the action to trial . . . was impossible, impracticable, or futile."  (§ 583.340, subd. (c).)

"What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves.  [Citations.]  The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." (*Moran v. Superior Court* (1983) 35 Cal.3d 229, 238.)  " ' "Reasonable diligence places on a plaintiff the affirmative duty to make every reasonable effort to bring a case to trial within [three] years, even during the last month of its statutory life." ' " (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1270, italics omitted.)  "The exercise of reasonable diligence requires a plaintiff to ' "keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the [three]-year period." ' " (*Wilcox v. Ford* (1988) 206 Cal.App.3d 1170, 1175.)  A plaintiff "has an affirmative obligation to do what is necessary to move the action forward to trial in timely fashion." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 322.)  It is not the trial court's job to ensure a case is brought to trial within the three-year period.  Instead, "if a trial court does not take any action," it is the plaintiff's obligation " 'to seek an order from the trial court' " scheduling the trial by the statutory deadline.  (*Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 249.)

" 'The question of impossibility, impracticability, or futility is best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance." [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the . . . exception. [Citation.] . . . The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion. [Citations.]' [Citation.] Under that standard, '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100; see also *Tanguilig v. Neiman Marcus Group, Inc.*, *supra*, 22 Cal.App.5th at p. 324 ["Appellate review of a trial court's determination of whether section 583.310 was tolled for impossibility, impracticability, or futility is limited" and we review such a decision "for abuse of discretion, giving it the usual deference accorded by that standard, and reversing only if no reasonable basis exists for the trial court's decision. [Citations.] In the absence of an abuse of discretion, we will affirm even if we would have ruled differently"].)

## II

### *The Relevant Dates*

The remittitur was filed on *October 15, 2018*, which started the three-year clock. (See § 583.320, subd. (a)(3).) Without extensions, Miller thus had to bring her action to trial by *October 15, 2021*. Emergency Rule 10 extended the deadline by six months, or to *April 15, 2022*. And the trial court extended the deadline for an additional 109 days to account for the fact the court was closed for civil trials during some of this time, or to *August 2, 2022*.[2] Miller does not challenge any of these calculations. Instead, she argues

---

[2] The court was closed for civil trials from March 17, 2020, through January 4, 2021, or for 293 days. This was 109 days beyond the six-month extension granted by

the time to bring this case to trial was tolled for an additional unspecified number of days due to her medical condition and was also tolled until CDCR filed its answer on September 5, 2019.

III

*Miller's Medical Condition*

Miller's primary arguments on appeal are that (1) her medical condition made it impossible or impracticable to bring her action to trial within the statutory time period, and, relatedly, (2) the trial court erred in failing to consider her supplemental declaration. We address the second argument first.

A.      *The trial court did not abuse its discretion in declining to consider Miller's supplemental declaration*

It is undisputed Miller's supplemental declaration was untimely. Section 1005 sets deadlines for filing motion papers. As relevant here, it provides opposition papers must be filed nine court days prior to the hearing. (§ 1005, subd. (b).) Here, Miller's opposition papers were due on April 26, nine court days before the May 9 hearing. She filed her opposition papers—including her initial declaration—on April 27, which was one day late. The court nonetheless exercised its discretion and considered the opposition papers.

Then, on May 5, just two court days before the hearing and several days after CDCR filed its reply, Miller filed her supplemental declaration. Because section 1005 requires that opposition papers must be filed nine court days before the hearing, the supplemental declaration was untimely. In addition to being untimely, the supplemental declaration was unauthorized. Section 1005 refers only to "moving and supporting papers," "papers opposing a motion," and "reply papers." (§ 1005, subds. (b) & (c).) It

---

Emergency Rule 10, and the trial court thus extended the deadline by an additional 109 days. Miller does not challenge this portion of the trial court's order.

9

makes no provision for filing papers after the moving party's reply (which are frequently referred to as "surreply" papers). Trial courts have *discretion* to consider both late-filed papers and surreply papers, but they are not required to do so. (See *Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1210; *Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 703-704; see also Cal. Rules of Court, rule 3.1300(d) [court has discretion to refuse to consider late-filed paper but must so indicate in minutes or order].) We review a trial court's decision not to consider a late-filed paper or a surreply for an abuse of discretion. (*Guimei*, at pp. 703-704.)

Miller makes much of the fact that on the same day she filed a redacted version of the supplemental declaration, she also lodged an unredacted version,[3] and she faults the trial court for stating, "Plaintiff did not properly and timely apply/move to seal, and in conjunction therewith, lodge an unredacted version of her 'supplemental declaration' pursuant to California Rule of Court 2.551. Thus, there is no unredacted version of Plaintiff's 'supplemental declaration' before the Court." Miller contends the trial court was "utterly wrong" when it stated there was no unredacted version of the supplemental declaration before it because "[t]he unredacted version of the supplemental declaration had been lodged" on May 5 and "[t]he trial court appears to have completely missed it." Whether or not the trial court "completely missed" the unredacted supplemental declaration, however, it found she failed to properly and timely comply with the procedures outlined in California Rules of Court, rule 2.551 for filing documents under seal, and this finding is accurate.

Court records are presumptively open and accessible to the public. (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 886-888.) As a result, documents "must not be

---

[3] A lodged record is one "that is temporarily placed or deposited with the court, but not filed." (Cal. Rules of Court, rule 2.550(b)(3).)

filed under seal without a court order."[4] (Cal. Rules of Court, rule 2.551(a); see also *Timothy W. v. Julie W.* (2022) 85 Cal.App.5th 648, 656.) On May 5, Miller (1) filed the redacted version of her supplemental declaration, (2) lodged the unredacted version, and (3) filed a motion for an order to file her supplemental declaration under seal (hereafter referred to as the motion to seal). The clerk rejected the motion to seal because Miller failed to reserve a hearing date thereon.

The hearing on CDCR's motion to dismiss was scheduled for May 9, but on that date, the court, on its own motion, continued the hearing to May 23, and ordered that "[n]o further filings relative to this matter will be permitted or considered *unless* leave of court is first obtained." Then, on May 19, just two court days before the hearing on CDCR's motion to dismiss, Miller filed an ex parte application for an order shortening time to hear her motion to seal. She sought to have the motion to seal heard on either May 22 or at the May 23 hearing on the motion to dismiss "so that the entirety of the Supplemental Declaration will be before the Court." She proposed that CDCR could file any opposition to the motion to seal on the morning of the hearing on its motion to dismiss.

The trial court denied the ex parte application on May 22, noting the application did not actually seek an order allowing Miller to file her supplemental declaration under seal, and it only sought to shorten time to hear a motion to seal. It also noted the hearing on CDCR's motion to dismiss was "tomorrow," and it was not reasonable to expect the

---

**4** A court may only order that records be filed under seal if it finds: (1) there exists an overriding interest that overcomes the right of public access to the record; (2) the overriding interest supports sealing the record; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest. (Cal. Rules of Court, rule 2.550(d).)

11

motion to seal could be briefed and heard in one court day.[5]  Miller fails to convince us the trial court abused its discretion in denying her ex parte application.  Thus, as of May 23, the day of the hearing on CDCR's motion to dismiss, there was no order allowing Miller to file the unredacted supplemental declaration under seal, the lodged copy had not been filed, and the trial court was not required to consider it.

Miller states she did not have sufficient time to oppose the motion because although it was served on April 7, she did not receive a copy until April 20 and her opposition was due April 26.  It is unclear whether she contends this demonstrates the trial court abused its discretion in declining to consider her supplemental declaration.  Assuming she does, we disagree.  The trial court found Miller "had sufficient time to oppose [CDCR's] motion," and we agree.  CDCR's moving papers were timely served by mail on April 7, which is more than 16 court days prior to the May 9 hearing, increased by five calendar days for service by mail, as required by section 1005.  CDCR served the motion by mail using the post office box that was Miller's address of record.  Miller does not state *when* she checked her post office box between April 7 and April 20, but it was incumbent on her to check it regularly because she designated it as her address of record, and this is particularly true where, as here, she declined CDCR's request to accept electronic service.[6]  Moreover, if Miller thought she did not have sufficient time to

---

[5]  The same day the trial court denied her ex parte application, Miller filed a motion to seal and set a June 29 hearing date.  The trial court issued a tentative ruling granting the motion "provided proof of service is filed at or prior to the hearing.  If proof of service is not filed, the motion will be dropped."  Miller failed to file a proof of service, and the motion was thus dropped.  On July 3, Miller once again filed a motion to seal, which was finally granted on August 10.

[6]  Former Emergency Rule 12 required represented parties to accept electronic service, but also provided, "Electronic service on a self-represented party is permitted only with the consent of that party, confirmed in writing."  (Cal. Rules of Court, appen. I, former emergency rule 12(c).)  In April 2020, counsel for CDCR asked Miller whether

12

oppose the motion, she could have asked the court to continue the hearing, but she did not do so. (See *Pham v. Nguyen* (1997) 54 Cal.App.4th 11, 15-18 [discussing procedure for requesting that hearing on motion be continued].)

For all the reasons stated above, we find the trial court did not abuse its discretion in declining to consider the supplemental declaration.

B. *Miller did not demonstrate her medical condition made it impossible to bring her case to trial by the statutory deadline*

Miller also challenges the trial court's finding that she failed to carry her burden of demonstrating her medical condition made it impossible or impracticable to bring her case to trial by August 22, 2022. In Miller's initial declaration, which she executed in April 2023, she stated, "[t]his past winter" (i.e., the winter of 2022-2023) she was "rendered bed-ridden for most of December, January, February and March" as a result of her disease. As the trial court noted, however, Miller had until August 2022 to bring her case to trial, and the fact that she became bed-ridden several months *after* that deadline had already passed had no bearing on her ability to bring her action to trial by the deadline.

That leaves her estimate that "since January 2021, [she has] been incapacitated and unable to prosecute this case and participate in trial for at least 100 days." The trial court found, "even if true, this fails to adequately demonstrate she could not *with reasonable diligence* have brought this action to trial at any time in the 18-month period following the Covid-19 court closure [which ended in January 2021] but prior to the expiration of the three-year period on [August 2, 2022]." Miller fails to convince us the trial court abused its discretion in so finding. This is particularly true where, as here, even if we were to extend Miller's deadline by an additional 100 days, that would mean

she would agree to electronic service, and she declined, responding, "I am a self-represented litigant who will continue service[] by mail."

13

she had to bring her action to trial by November 10, 2022. She failed to do so. Indeed, five months later, when CDCR filed its motion to dismiss on April 7, 2023, she still had not brought her action to trial.

We also note that, even if we were to extend Miller's deadline by the 270 days of incapacity she cites in her supplemental declaration, that would extend it to May 1, 2023, at the latest.[7] She did not bring her action to trial by that date either.

As noted at the outset, we review a trial court's decision on whether the deadline to bring a case to trial is extended due to impossibility or impracticability "for abuse of discretion, giving it the usual deference accorded by that standard, and reversing only if no reasonable basis exists for the trial court's decision. [Citations.] In the absence of an abuse of discretion, we will affirm even if we would have ruled differently." (*Tanguilig v. Neiman Marcus Group, Inc.*, *supra*, 22 Cal.App.5th at p. 324.) We find no abuse of discretion here.

IV

*The Statutory Deadline Was Not Tolled Until CDCR Filed Its Answer*

Miller also argues the deadline to bring her case to trial should have been tolled from the date the remittitur was filed on October 15, 2018, until CDCR answered the complaint on September 5, 2019, because it was impossible or impracticable to bring her action to trial until the case was at-issue. The trial court rejected this argument (twice), and we do as well.

"It is well established that ' " [e]very period of time during which the plaintiff does not have it within his power to bring the case to trial is not to be excluded in making the computation.' [Citation.]" ' [Citation.] ' "Time consumed by the *delay caused by ordinary incidents of proceedings*, like disposition of demurrer, amendment of pleadings,

---

[7] 270 days from August 2, 2022, is April 29, 2023, which was a Saturday, so the deadline would be extended to the following Monday, May 1, 2023.

14

and the normal time of waiting for a place on the court's calendar [is] not within the contemplation of these exceptions." ' [Citations.] This rule reflects the Legislature's understanding that a reasonably diligent plaintiff should be able to bring the case to trial within the relatively lengthy period of [three] years notwithstanding such *ordinary delays*. [Citation.] To hold otherwise would allow plaintiffs to litigate piecemeal every period, no matter how short, in which it was literally impracticable to try the case, thus rendering the statute 'utterly indeterminate, subjective, and unadministerable.' " (*Gaines v. Fidelity National Title Ins. Co.*, *supra*, 62 Cal.4th at p. 1101, italics added; accord *Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731; *J. C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 670.) Miller seizes on the word "ordinary," and argues the delay between the remittitur and CDCR's answer was not ordinary. We disagree.

According to Miller, she tried to file a third amended complaint on November 15, 2018, but the court would not accept it for filing until after it issued an order on December 5, 2018, granting her leave to file a third amended complaint pursuant to the remittitur. It is not clear this is accurate, because the third amended complaint (which is part of the record) was stamped "filed" on November 15, 2018. In any event, Miller states CDCR then threatened to file a demurrer and during the meet and confer process, she agreed to amend her complaint and CDCR agreed to provide her with additional time to do so. In February 2019, CDCR filed a declaration pursuant to section 430.41, stating the parties were attempting to meet and confer but had been unable to complete the process, and CDCR thus had an additional 30 days to respond to the third amended complaint.[8] In March 2019, the parties filed a stipulation stating they were still

---

[8] Section 430.41 requires parties to meet and confer before a demurrer is filed, and if they are not able to do so "at least 5 days before the date the responsive pleading is due, the demurring party shall be granted an automatic 30-day extension of time within which

15

attempting to reach agreement on the fourth amended complaint, and, at their request, the court entered an order giving CDCR until April 22, 2019, to file a response to the third amended complaint. The parties were unable to agree on the amendments, and Miller filed a motion for leave to file a fourth amended complaint, which the court granted. The fourth amended complaint was filed on June 28, 2019, CDCR demurred, the demurrer was overruled on August 30, 2019, and CDCR filed an answer on September 5, 2019.

As the above demonstrates, any delay between the remittitur and CDCR's answer is attributable to precisely the type of "ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar" that *do not* extend the time to bring the case to trial. (*Gaines v. Fidelity National Title Ins. Co.*, *supra*, 62 Cal.4th at p. 1101.)

V

*Dismissal with Prejudice*

Section 581 provides an action may be dismissed "without prejudice, when dismissal is made pursuant to the applicable provisions of chapter 1.5 (commencing with Section 583.110)." (§ 581, subd. (b)(4); see also § 581, subd. (g) ["The court may dismiss without prejudice the complaint . . . when dismissal is made under the applicable provisions of Chapter 1.5 (commencing with Section 583.110)"].) Chapter 1.5 governs dismissals for failure to bring a case to trial within the statutory time periods, and case law teaches such dismissals "are to be without prejudice." (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 214.) The trial court, however, dismissed Miller's action with prejudice. It appears this was error, and CDCR does not contend otherwise. Instead, it argues (1) Miller forfeited this argument by failing to raise it in the trial court,

_____

to file a responsive pleading, by filing and serving, on or before the date on which a demurrer would be due, a declaration stating under penalty of perjury that a good faith attempt to meet and confer was made and explaining the reasons why the parties could not meet and confer."

16

and (2) the error is harmless because " '[a] dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations' " (*Cardiff Equities, Inc. v. Superior Court* (2008) 166 Cal.App.4th 1541, 1550), but the statute of limitations on Miller's FEHA claim has long since run. We agree with CDCR.

Miller did not raise this argument in the trial court. In both its moving and its reply papers, CDCR asked the trial court to "dismiss this action with prejudice," yet Miller never argued in the trial court that dismissal had to be without prejudice. As CDCR accurately notes, "As a general rule, an appellate court will not review an issue that was not raised by some proper method by a party in the trial court." (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913; see also *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 ["It must appear from the record that the issue argued on appeal was raised in the trial court. If not, the issue is [forfeited]"].) Miller never addresses this argument, and thus gives us no reason to depart from the general rule.

Even if we were inclined to consider this argument, we agree with CDCR's contention that any error is harmless because the time to bring this action has long since run. Miller asserts just one cause of action against CDCR, for allegedly violating FEHA by medically demoting her sometime in 2010 or 2011 in retaliation for a prior sexual harassment complaint and/or in violation of its duty to reasonably accommodate her disability. Miller alleges she filed a complaint with DFEH regarding this retaliation and failure to accommodate and received a right to sue notice in March 2012. She also alleges that in June 2012, she was informed by opposing counsel that CDCR had terminated her on August 31, 2011, when she failed to report to work as directed. She alleges she filed another complaint with DFEH regarding the termination and received a right to sue notice on September 28, 2012.

17

FEHA claims are governed by two statutory deadlines: (1) a three-year deadline to file an administrative complaint with DFEH;[9] and, as relevant here (2) a separate one-year deadline to file a lawsuit after DFEH issues a right to sue notice. (Gov. Code, §§ 12960, subd. (e), 12965, subd. (c)(1)(C).) Whichever right to sue notice we consider, the deadline to file a lawsuit expired sometime in 2013 at the latest. Miller cannot file a FEHA action, litigate it in both the trial court and the appellate court for over a decade, ultimately fail to bring it to trial within the statutory time period, and when the action is dismissed without prejudice as a result, refile it and start all over again. At some point litigation must end. This litigation, which began in 2011, has reached that point.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
EARL, P. J.

We concur:


/s/
HULL, J.


/s/
KRAUSE, J.

---

[9] The deadline to file a complaint with DFEH used to be one year but was changed to three years effective January 1, 2020. (See *Hoglund v. Sierra Nevada Memorial-Miners Hospital* (2024) 102 Cal.App.5th 56, 71; Stats. 2019, ch. 709, §§ 1, 3.)